Price, J.
If there was no error committed in excluding the evidence offered in the trial court, its judgment was not erroneous, and it should have been affirmed by the circuit court. In the absence of the rejected testimony, the plaintiffs below rested, without haying made a case for recovery. On the other hand, if the testimony offered had been received, a very dif *320 ferent verdict and judgment would have been the natural result.
Lucy Ham is one of .the plaintiffs in the action of ejectment, while F. F. Ham was one of the grantees in the mortgage which was offered in evidence.
The plaintiffs offered to prove on the trial that F. F. Ham had died intestate before the commencing of the action, and that. Lucy Ham is his only child and heir-at-law. On the objection of the defendants, now plaintiffs in error, this evidence'was excluded, the court saying: “It is incompetent for the reason that it is not pleaded in the case.”
This ruling was made in utter forgetfulness, or disregard of Section 5781, Revised Statutes, which provides that: “In an action for the recovery of real property it shall be sufficient if the plaintiff state in his petition that he has a legal estate therein, and is entitled to the possession thereof, describing the same as required by section five thousand and ninety-five, and that the defendant unlawfully keeps him out of the possession; and it shall not be necessary to state how the plaintiff’s estate or ownership is derived.”
The petition of the plaintiffs was drawn in conformity with the above provision, and it was not necessary to plead the fact that Lucy Ham had inherited her interest in the premises from F. F. Ham. This could be proven without any . such averment in the petition, and was an important link in the title she asserted. The circuit court could have properly reversed the court of common pleas for this error if no other had been committed.
Was it error to exclude the mortgage? When it was offered counsel for the defendants objected in ■the following language: “We object to that mortgage on the ground that it is barred by the statute of *321 limitations. I see by the date of the mortgage, that it. is more than fifteen years since it has been due.” This objection was sustained and the mortgage excluded.
Tlie defendants did not plead the statute of limitations in their answer, but the court entertained the plea ore tenas, et non aliter, and held, as we must conclude, that the plaintiffs’ cause of action was barred by the fifteen year statute of limitations. No other reason appears in the record for the novel course pursued by the trial court and the direction that the jury should find for the defendants. It seems to us that the reason assigned by counsel for excluding the mortgage was a sufficient reason for its admission to the .jury, in order that his claim of the statutory bar, if correct, might bfe established. It was a question of fact to be determined by the jury under proper instructions from the court. The ground stated for the objection pointed to the weight and effect of the evidence rather than to its competency. But waiving further criticism of the manner in which the vital point was disposed of, we come to the real questions sought to be raised in this proceeding.
While the answer denies that the defendants unlawfully withhold possession of the premises, their actual possession is not denied; and it' is not claimed in the answer, or elsewhere in the record, that the defendants have been in open and adverse possession for twenty-one years next preceding the filing of the petition.
In this court, as doubtless was the case in the lower courts, the defendants in the action, to defeat recovery rely on Section 4980, Revised Statutes. This section . will be clearer when we have read section 4979, which is: “Civil actions, other than for the recovery of real *322 property, can only be brought within the following-periods, after the cause of the action accrues.” Then section 4980: “Within fifteen years: An action upon a specialty, or an agreement, contract, or promise in writing.”
If the plaintiffs had commenced tlieir action for foreclosure of the mortgage and sale of the mortgaged premises, section 4980 might be plead in bar of such action, because it appears that the indebtedness secured by the mortgage had all accrued and become due more than fifteen years next preceding the filing of the petition. This court has decided to this effect in Kerr et al. v. Lydecker, Admr., 51 Ohio St., 240, where it is said: “A mortgage is a specialty,- and an action for its foreclosure and sale of the premises comes within the provisions of Section 4980, Revised Statutes, and the period of limitation is fifteen years, unless extended by virtue of Section 4992, Revised Statutes.”
We have been furnished with numerous authorities, and among them decisions of this court, on the proposition, that a mortgage is a security for the debt described within it, and is a mere incident of the debt, and therefore any action upon the mortgage may be met with the same statutory bar which applies to a suit to recover the amount of the debt. The cases, cited are Harkrader v. Leiby et al., 4 Ohio St., 602-11; Ranney v. Hardy, 43 Ohio St., 157-160. We might add Baily v. Smith, 14 Ohio St., 396.
In each of the cases cited by counsel, the court was. dealing with the rights of parties under a mortgage as security for the debt, or Avhere the fruits of the security were in controversy, and not the title of the mortgagee to the premises.
In Baily v. Smith, supra, it was held that the mort *323 gage was not a negotiable instrument and that its purchaser as a security, was not protected by the law of commercial paper. However, the court was careful to recognize the dual character of the instrument, as being one of security for a debt, and also one of conveyance in fee on condition. None of the cases above mentioned grew out of actions in ejectment wherein the mortgage was used and relied upon as a muniment of titles
The owner and holder of a mortgage securing debt, containing a condition such as appears in the statement of this case, has two remedies that are older than our code of civil procedure, and which are not affected or superseded by it. He may bring an action in foreclosure of the mortgage; have an account taken 'of the debt secured by it and an order of sale, cutting off the equity of redemption. In such an action the statutory bar of fifteen years may be plead, if that period has run since the cause of action had accrued before the action Avas commenced.
Or, he may, after condition broken, assert title under the mortgage and bring ejectment, and recover possession of the mortgaged premises. This remedy does not cut off the right of redemption, and the mortgagor has time to redeem by action, wherein the rights and equities of the parties, including the debt secured by the mortgage, the rents and profits, etc., may all be adjusted by a court of equity.
The ground on which ejectment may be brought, is that, as between the mortgagor and mortgagee, after ■ condition has been broken, the legal title is in the mortgagee. Doe v. Pendleton, 15 Ohio, 735; Frische v. Kramer, 16 Ohio, 125; Childs v. Childs, 10 Ohio St., 339; Allen v. Everly, 24 Ohio St., 97.
In Doe v. Pendleton, supra, it is said: “When the *324 condition of tlie mortgage is broken as between the parties, the title to the mortgaged premises vests in the mortgagee and remains in him until satisfaction.”
In Doe v. Roll, 7 Ohio (pt. 2), 70, Grimke, J., said: “A mortgage is in reality a conditional fee, which is as large an estate as a fee-simple, though it may not be so durable.”
. In perfect accord with the above cases is Kerr et al. v. Lydecker, supra. In the opinion of Burketj J., ,on page 248, it is said: “The mortgage being in equity, regarded as a mere security for the debt, the legal title to the mortgaged premises remains in the mortgagor as against all the-world, except the mortgagee, and also against him until condition broken, but after condition broken, the legal title as between mortgagor and mortgagee, is. vested in the mortgagee.” Again on page 250, it is said: “After condition broken, the title is vested in the mortgagee, as between him and the mortgagor, and as the right of the mortgagee to recover the possession of the land by ejectment, always existed at common law, and has not been taken away by statute, it still exists in this state.”
The precise question we have here is fully covered by the case of Williams v. Englebrecht, 37 Ohio St., 383, where it is held that: '“In an action by the mortgagee against the mortgagor under Section 5781, Revised Statutes, to recover possession of the lands mortgaged, the fact that such mortgage was given to compound a felony, is not available as a defense.” We are satisfied with the review apd statement of the authorities, as made by Okey, O. J., in that case.
Counsel for plaintiff in error present and urge the claim that the mortgagees, by action in ejectment, should not be permitted to do what they could not do *325 by an action in foreclosure, and thus indirectly avoid the statutory bar which would apply to the debt secured by the mortgage.
In what wé have said it will be seen that such a result may often happen, and in this case the advantage attending the form of remedy chosen is manifest. But we cannot change well established law in order to give operation to a statute of limitations. While such a defense is not now viewed with disfavor, and is regarded as one of merit, it has not yet become a special favorite of the law so as to justify extending it beyond the letter and spirit of its enactment.
The trial court erred in excluding the mortgage. The statute of limitations which applies in actions of ejectment is twenty-one years, and not fifteen years as held by .that court. For this error, its judgment was properly reversed by the circuit court, and the judgment of reversal is affirmed.

Judgment affirmed.

Bueket, C. J., Spear, Davis and Crew, JJ., concur.